IN RE MCTAGGART, A MINOR.

(No. 26985—Decided May 20, 1965.)

*Mr. Hyman J. Blum,* for appellant, Carmeline McTaggart.
*Mr. Philip R. Bradley* and *Mr. Max B. Katz,* for appellees,
Gerald Sherwin and Sandra Sherwin.

ARTL, J.   This is an appeal on questions of law by the petitioner in a habeas corpus action from a judgment of the Court of Common Pleas rendered on April 14, 1964, denying the relief prayed for.

In her petition, petitioner, Carmeline McTaggart, alleges that she is the mother of Baby McTaggart, a minor, who was born on May 21, 1963; that she is entitled to the immediate care, custody and control of the child; that she is unlawfully deprived of the custody and possession of the child who is now residing with Gerald Alan Sherwin and Sandra Jaffe Sherwin,

husband and wife, who reside at 2536 Ashurst Road, in University Heights, Cuyahoga County, Ohio; and that the child is unlawfully being restrained of her liberty by the respondents, although demand has been made for the return of the child, which has been refused. She prays for a writ to restore said child to her.

The writ was issued, returnable on September 9, 1963, served on the respondents above named, and on September 12, 1963, respondents filed their motion to dismiss petitioner's petition for a writ of habeas corpus, and to quash the writ of habeas corpus heretofore issued on the ground "that the Probate Court of Franklin County, Ohio, has previously acquired jurisdiction of the parties and the subject matter in a case still pending and undisposed of in that court."

In their return to the writ of habeas corpus, the respondents under oath state that they have the care and custody of such minor, placed in their care and custody by reason of a "journal entry approving placement" of the Probate Court of Franklin County, Ohio, dated May 24, 1963, pursuant to Section 5103.16, Revised Code, in case No. 215,731, now pending in that court, pursuant to an "application for placement" filed by the petitioner herein and that the petitioner had executed and filed in that court a "waiver and consent to adoption."

The matter came on for hearing on October 21, 1963, with a hearing on respondents' motion to dismiss the petition and to quash the writ issued. At the conclusion of the respondents' evidence with respect to their motion, the record indicates that respondents requested the court to rule on their motion, which the court did not do, reserving same for a ruling at a later time. Respondents objected for the record to the withholding of such ruling.

The court proceeded to hear the case on the merits of petitioner's case to its conclusion and, after both sides had rested, respondents renewed their motion to quash and dismiss. The court announced that it is heard and submitted and a schedule for briefs was prescribed.

On April 14, 1964, the judgment of the court denying petitioner the relief prayed for was filed by the court. The journal entry of judgment is as follows:

"This cause came on to be heard this 14th day of April,

1964, upon the application of Carmeline McTaggart for a writ of habeas corpus to obtain the custody of Baby McTaggart, a minor, said minor now being in the custody of the respondents, Gerald Alan Sherwin and Sandra Jaffe Sherwin, and upon the evidence, briefs, and affidavits, and the court being fully advised in the premises finds that it has jurisdiction to entertain the application and that the Franklin County Probate Court did not have jurisdiction to approve the placement of said minor with the said respondents. The court further finds that it is in the best interests of the said minor to refuse the writ applied for.

"Wherefore, it is ordered, adjudged, and decreed that the application for a writ of habeas corpus herein filed be and hereby is denied.

"(Signed) Earl R. Hoover, Judge."

Petitioner filed her timely notice of appeal in the form following:

"Now comes the petitioner, CARMELINE McTAGGART, and by and through her attorney hereby gives notice of appeal from this court to the Court of Appeals of Cuyahoga County from an order and decree entered in this court on April 14, 1964, and referring more especially to that part of the opinion and judgment with reference to the 'best interest of the child.'

"The above appeal is based upon questions of law."

The assignments of error urged by appellant, five in number, are as follows:

"1. That the trial court committed prejudicial error in that the judgment of the trial court is contrary to law.

"2. That the trial court committed prejudicial error in that the said judgment of the trial court is contrary to the weight of the evidence.

"3. That the trial court committed prejudicial error when it denied the petitioner's request for a writ of habeas corpus.

"4. That the trial court grossly abused its discretion when it proceeded to deny the petitioner's request for a writ of habeas corpus having previously found that the proceedings in the Probate Court of Franklin County were void ab inito.

"5. That the trial court grossly abused its discretion and committed prejudicial error when it allowed the child to remain with the respondents."

Appellant in her brief proposes to refer to all five assign-

ments of error set forth as one since it is her position that the law pertaining to each is substantially the same.

The appellant's assignments of error are directed to the decision of the court in denying the writ prayed for and permitting the minor to remain with the respondents. This is made clear by the notice of appeal filed wherein appellant (McTaggart) says, "and referring more especially to that part of the opinion and judgment with reference to the 'best interest of the child,'" and the further fact that appellant's brief in this court concurs in the finding and judgment of the trial court "that the Franklin County Probate Court did not have jurisdiction to approve the placement of said minor with the said respondents."

The respondents contended throughout the trial that the Probate Court of Franklin County, Ohio, did have jurisdiction in the matter, as is evident by their motion to dismiss petitioner's application and to quash the writ theretofore issued, and for that reason argued that the Common Pleas Court of Cuyahoga was without jurisdiction to entertain habeas corpus.

The trial court ruled contrary to respondents' contention as to the jurisdiction of the Franklin County Probate Court and the jurisdiction of the Common Pleas Court to hear the habeas corpus action; nevertheless, they have not filed an appeal. It is easy to understand why. The end result in the trial court was favorable to respondents; the writ of habeas corpus was denied and the minor's custody was awarded to respondents.

Jurisdiction in adoption cases is vested in the Probate Court by statute, Section 3107.02, Revised Code, and likewise in the placement of minors by Section 5103.16, Revised Code. The trial court's journal entry states "that the Franklin County Probate Court did not have jurisdiction to approve the placement of said minor with the said respondents." Whether the trial court was correct in its conclusion or not is not before this court since it has not been assigned as a basis for error.

The trial court's journal entry under consideration contains no language that indicates its basis for the conclusion denying the jurisdiction of the Probate Court of Franklin County to approve the placement of the minor with respondents. The transcript before us discloses that the trial court filed an opinion in this case. Are we authorized to resort to such opinion for enlightenment? This matter has had consideration of the Su-

preme Court of Ohio, and the court has stated that where it is essential in the interest of justice for a reviewing court to ascertain the grounds upon which a judgment of a lower court is founded, and the judgment entry fails to disclose such grounds, resort may be had to the opinion of the lower court to ascertain those grounds. See paragraph four of the syllabus of *Andrews* v. *Board of Liquor Control,* 164 Ohio St. 275.

We, therefore, proceed to examine the opinion. It is evident from a consideration of the opinion that the trial court recognized that petitioner had filed an application for placement of the minor in the Probate Court of Franklin County, Ohio, together with a waiver of notice and consent to an adoption of her child; that she appeared personally before the court (in the person of a referee appointed by the court); that the child sought to be placed was born in Columbus, Ohio, Franklin County, and was in Columbus at the time; and that subsequently petitioner executed under oath and filed in the Franklin County proceedings an "application for permission to withdraw waiver and consent to adoption," which matter is still pending in that court.

The Probate Court of Franklin County had prepared and adopted a mimeographed form of application to be used to institute placement proceedings. A blank copy thereof is set forth in the opinion. In the last clause thereof, immediately before the prayer, is found the following allegation: "Applicant (s) does (do) not know the identity of the proposed adopting parents."

The record indicates that the actual application filed by the applicant for the placement of her child was fully typewritten, except as to signature, and furnished all the information sought by the mimeographed form. The record indicates that in the application filed by the petitioner she states that she did not know the identity of the proposed placement parents.

The trial court points out that this allegation of the application is in conflict with the requirement of Section 5103.16, Revised Code, which describes what the court is to approve, namely, "the proposed placement specified in such application." And because of this, the trial court holds that the filing of an application sufficient under Section 5103.16, Revised Code, is a jurisdictional requirement and that, in the absence of a sufficient application, a Probate Court is without jurisdiction to authorize

placement; that the Probate Court was without jurisdiction of the subject matter; and that the court's orders are void. As above noted, the trial court's conclusion in that respect is not before us.

According to the trial court's opinion, it is concluded that, because the Franklin County Probate Court was without jurisdiction of the subject matter, for the reasons therein stated the Court of Common Pleas had jurisdiction to entertain the petition in habeas corpus and proceeded to hear the case on its merits.

The Court of Common Pleas has original jurisdiction in a habeas corpus action conferred upon it by statute. The right and authority of the Court of Common Pleas to entertain an action in habeas corpus is in no wise dependent upon whether or not some other court, in this instance the Franklin County Probate Court, had jurisdiction of the subject matter. The only limitation on the Common Pleas Court is as to what remedy the Common Pleas Court may allow, if any, depending upon its finding as to whether the other court by a valid judgment or order precludes the right of the Common Pleas Court to proceed to adjudicate in the premises.

The prime issue in such case is whether the person named therein is illegally restrained of his liberty by the respondent. If the respondent contends that the custody of the person named is derived through an order of some other court, the Court of Common Pleas is required to inquire into the validity of the order. Upon such inquiry the court may find (1) that the other court was in fact without jurisdiction; or (2) that the other court, having jurisdiction, has issued an order that is void upon its face. In either event, the Court of Common Pleas may then proceed to dispose of the issue on its merits. But where the court finds that the other court had jurisdiction, but in the exercise of such power has issued an erroneous order, it may not substitute an action in habeas corpus for an appeal. The question as to whether the Franklin County Court had jurisdiction or issued an order void on its face would have a bearing upon the remedy, if any, that the Common Pleas Court might afford, but certainly not as to whether the Common Pleas Court could entertain an action in habeas corpus.

At the very threshold of our review of the court's proceed-

ings on the merits of the habeas corpus action, we are confronted with what we believe are significant errors of the trial court. In her petition the petitioner puts before the court the issue that the respondents are unlawfully restraining the liberty of her minor child. In the return of the respondents it is claimed by them that they have the care and custody of the minor by virtue of the order of the Franklin County Probate Court. Other than its blanket conclusion that that court was without jurisdiction of the subject matter and that as a consequence all of its orders are void, it is nowhere apparent to us that the trial court gave any consideration to the actual order issued by the Franklin County Probate Court on the strength of which respondents claim the right to the care and custody of the child.

That order of the Franklin County Probate Court is a matter of record in this action. It reads as follows:

"JOURNAL ENTRY APPROVING PLACEMENT

"This 24th day of May, 1963, the application of the (sole) parent for approval of the proposed placement of her child Baby McTaggart, came on to be heard and was considered by the court on said application, the report of Mrs. Jos. Millious, a qualified person, of her investigation, and the evidence.

"The court, upon consideration thereof, and having examined under oath the applicant, who appeared in court for that purpose, finds that there has been no written or oral agreement or understanding transferring or surrendering the legal rights, powers, or duties of applicant into the temporary or permanent custody of any person, and that such proposed placement would be for the best interests of said child.

"IT IS, THEREFORE, BY THE COURT ORDERED that such proposed placement be, and the same hereby is, approved, that the applicant be authorized to cause such placement to be made forthwith, and that adoption proceedings may go forth in this court. It is further ordered that Grant Hospital release the infant (through) (Attorney Philip Bradley) (Dr............ or his nurse) etc.

"[signed] JOSEPH J. VAN HEYDE
Probate Judge

"APPROVED:

"*Philip R. Bradley* [*signed*]"

It is evident that the journal entry of such court does not

give to the respondents the care and custody of the minor child. The journal entry orders the hospital, in whose care the child was, to release the child *through Attorney Philip Bradley*. To whom? The journal does not designate the identity of any person or persons who are to be the recipients and custodians of the child. There is nothing here to indicate that the respondents have any right or claim to the child. It is our conclusion that the journal entry, being in the form above set forth, is indefinite, uncertain and unenforceable. As a consequence, it is void. 49 Corpus Juris Secundum 191, Judgments, Section 72; 30A American Jurisprudence 205, Judgments, Section 57.

Notwithstanding the foregoing order and in total disregard thereof, the trial court proceeded to determine the merits of the case on the premise that its decision is dependent upon the salutary objective: "What is for the best interests of the minor child?" In a proper case, such an approach is commendable. But is this a proper case for the application of this principle?

On the face of the record, under the circumstances of this case, the respondents are strangers to the minor child and have no right or color of right whatsoever to the consideration of the trial court as against the petitioner. But instead of declaring the respondents to be strangers to the record, we find that in its consideration of the "best interests of said child," which in a proper case, as we have pointed out, should be a matter of vital concern for the court, the court's opinion is bottomed in part upon what we consider a mistaken conclusion, namely, as stated in the court's opinion, that "She [meaning petitioner] voluntarily surrendered her child to the respondents." This conclusion is wholly unsupported by the record. In her application for placement in the Franklin County Probate Court, petitioner stated under oath that she did not know the identity of the respondents. In her testimony before the trial court she testified that she did not know them, had never met the respondents and had no acquaintance with them. It developed that many weeks after the child was released at the hospital, through Attorney Bradley, as the journal entry ordered, who at the time was acting as her attorney and arranging for the placement through the Probate Court and no doubt knew the identity of the respondents and no doubt was acting in their behalf, petitioner's present counsel, through his own efforts, learned the identity of

the persons who had the child so that he could file the habeas corpus proceeding. As we have earlier pointed out, it was because of the fact that applicant did not know the identity of the respondents and could not furnish in her application the names of the respondents that the trial court found the Franklin County Probate Court lacked jurisdiction and for that reason did not consider the actual order of that court.

We, therefore, conclude and hold that as between the natural mother of the child, who had a placement or adoption proceeding pending in Franklin County, and strangers to the child, the trial court, in awarding custody to the respondents, overlooked what we believe were important and significant considerations so far as the record is concerned. More specifically they are (1) that the petitioner was using habeas corpus proceedings instead of an appeal from the order of the Probate Court, and (2) that the statutes of Ohio have declared that the Probate Court is the proper tribunal to determine who may be either temporary or permanent adoptive parents of a minor child of such tender years. As the result of the trial court's order, the statutes referred to have been circumvented.

It is our conclusion and we hold that in a habeas corpus action the respondents whose claim to the custody of a minor child is predicated upon an order of a Probate Court, when such order and judgment is void on its face for indefiniteness, uncertainty and unenforceability in that it does not name them as custodians, are strangers to the record and that they have no right or color of right to consideration; and that as between such strangers to the record and the natural mother of such minor child, it is error on the part of the Court of Common Pleas to deny to such mother a writ as prayed for. And we further conclude and hold that since the statutes of Ohio prescribe that the Probate Court is the court that is clothed with jurisdiction to determine who is to have the care and custody of a minor child under the adoption statutes, the Common Pleas Court is in error to award the custody of such minor to the respondents, regardless of the principle of law, "what is for the best interests of said minor child."

In view of the fact that the judgment of the Franklin County Probate Court is void upon its face, we conclude that it was wholly unnecessary for the Court of Common Pleas in a habeas

corpus proceeding to concern itself with the question of the jurisdiction of the Franklin County Probate Court.

It is further our conclusion and we hold that the trial court, under the facts and circumstances appearing in this record, should have granted the writ to the petitioner mother to have the care and custody of such minor child pending further proceedings in the Probate Court of Franklin County. The judgment of the Court of Common Pleas, accordingly, is reversed as contrary to law, and the cause is remanded with instructions to grant forthwith the writ of habeas corpus and return the child to the care and custody of the mother.

*Judgment reversed.*

KOVACHY, P. J., and CORRIGAN, J., concur.